IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONA MARIA TATARU,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | **8:25CV344**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Mona Maria Tataru filed her Complaint on May 12, 2025, when she was in the custody of the Bureau of Prisons ("BOP"). Filing No. 1. On June 3, 2025, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 5, and the Court requested a copy of Plaintiff's trust account statement from the BOP, *see* Filing No. 6. The Court did not receive Plaintiff's trust account information and later learned that Plaintiff was no longer in BOP custody as of June 10, 2025. *See* Filing No. 7. Plaintiff updated her address on August 15, 2025, and informed the Court she was currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana, in the custody of Immigration and Customs Enforcement ("ICE") pending immigration and removal proceedings. Filing No. 8. As Plaintiff is no longer incarcerated in BOP custody, and upon review of her IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis as a non-prisoner. The Court will now conduct an initial review of Plaintiff's Complaint, Filing No. 1, pursuant to 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff captioned her Complaint as a "Motion for Deferred Action" and "Motion Under Section 212(C) Waiver" and named the United States of America as the defendant.

Filing No. 1 at 1. Plaintiff was sentenced on March 8, 2024, by Chief Judge Robert F. Rossiter of this Court to 34 months' imprisonment and two years of supervision after being found guilty of two counts of "18:1029(F) Fraud Access Devices and Fraud Identity Theft." Id. (spelling corrected); see also USA v. Mona Maria Tataru, 8:23-cr-00129-RFR-MDN (D. Neb.) (Filing No. 69, judgment dated Mar. 11, 2024). When Plaintiff filed her Complaint, she was housed in FCI Aliceville in Alabama with "a projected release date via Good Time Credits of [September 23, 2025,] and a projected release date via First Step Act of [May 25, 2025]." Filing No. 1 at 1. As indicated above, Plaintiff was released from BOP custody as of June 10, 2025. See Filing No. 7.

In her Complaint, Plaintiff asks that her requests for deferred action and for a "section 212(c) waiver" be granted with respect to her deportation proceedings based on her being a first-time offender with a non-violent offense conviction and due to the dangers she faces if she has to return to her country of Romania. Filing No. 1 at 2–5.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d

968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Id. at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, the Court clearly lacks jurisdiction to grant the immigration-related relief Plaintiff seeks.

Plaintiff first seeks deferred action, which, as she acknowledges, is "an informal administrative stay of deportation which is granted only where the District Director, with the Regional Commissioner's approval, finds it to be warranted" and lies exclusively within the prosecutorial discretion of ICE officials. Filing No. 1 at 2 (citing Wan Chung Wen v. Ferro, 543 F. Supp. 1016, 1017 (W.D.N.Y. 1982) ("'Deferred-action' or 'non-priority' status is an informal administrative stay of deportation, implemented by INS Operating Instruction ("OI") 103.1(a) (1)(ii), having no effect on an alien's adjudication as deportable but potentially leading to an extended stay in this country.")). "The authority to exercise prosecutorial discretion in immigration cases lies solely with [the Department of Homeland Security] as the federal agency responsible for the administration and enforcement of the immigration laws." Patel v. Att'y Gen. of U.S., 523 F. App'x 121, 124 (3d Cir. 2013) (citing 8 U.S.C. § 1103(a)). Additionally, pursuant to 8 U.S.C. § 1252(g), "no court shall have

3

jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). "The provision is directed against 'a particular evil: attempts to impose judicial constraints upon prosecutorial discretion.' And it protects the government from challenges to '"no deferred action" decisions'—that is, when the government chooses not to grant deferred action relief." *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 908 (W.D. Wash. 2025) (quoting *Reno v. Am.-Arab Anti–Discrimination Comm.*, 525 U.S. 471, 485 & n.9 (1999)).

As the foregoing clearly shows, the decision to grant deferred-action status lies solely within the prosecutorial discretion of immigration agency officials, and this Court has no jurisdiction to grant Plaintiff's request for deferred action.

Similarly, the Court lacks jurisdiction to grant Plaintiff's request for waiver of deportation under former section 212(c) of the Immigration and Nationality Act of 1952. *See* Filing No. 1 at 4. "[T]hat statute provided: 'Aliens lawfully admitted for permanent residence who temporarily proceeded abroad . . . may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section.' 8 U.S.C. § 1182(c) (1994)." *Lovan v. Holder*, 574 F.3d 990, 993 (8th Cir. 2009), *abrogated on other grounds by Nasrallah v. Barr*, 590 U.S. 573 (2020). As the decision to initially grant a section 212(c) waiver rests in the discretion of immigration officials, the Court cannot grant Plaintiff the relief she seeks if such relief is even available to her. *See id.* (discussing section 212(c)'s repeal in 1996 and how relief under that section may remain available to persons eligible for such relief prior to section 212(c)'s repeal).

## IV. CONCLUSION

The Court lacks jurisdiction to grant Plaintiff's request for deferred action and a section 212(c) waiver with respect to her immigration deportation proceedings. Accordingly, the Court will dismiss Plaintiff's Complaint without prejudice and will deny her pending motion for deferred action, Filing No. 8, as moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 5, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice.

2. The Court will enter a separate judgment.

3. Plaintiff's pending motion for deferred action, Filing No. 8, is denied as moot.

Dated this 23rd day of December, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge